

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 17, 1962

Representative Don Kennard                Opinion No. WW- 1312
4032 Eldridge
Ft. Worth, Texas                          Re:  Authority of the Interim
                                               Committee on Migrant
                                               Labor to expend State
                                               funds for the employment
                                               of Legal Counsel, research
Dear Mr. Kennard:                              staff or clerical help.

        Your request on the above subject matter asks the
following questions:

        "1.  Under the provisions of H. S. R. No.
    164, is it legal to expend state funds for the
    employment of Legal Counsel, research staff,
    or clerical help?

        "2.  In addition, is it legal for state
    funds to be expended for travel or other ex-
    penses for Legal Counsel, research staff, or
    clerical help?"

        H. S. R. No. 164 attached with your request creates
a special Interim Committee on Migrant Labor and the resolving
clauses read as follows:

        "RESOLVED by the House of Representatives
    of the State of Texas, That there is hereby
    created a special Interim Committee on Migrant
    Labor with membership as follows:  Five (5)
    Members of the House of Representatives, to be
    appointed by the Speaker; and, be it further

        "RESOLVED, That the Committee shall hold
    public hearings in Austin, Texas, shall study
    and consider both interstate and intrastate
    aspects of the problems of migratory labor,
    the co-ordination of agencies' services in the
    State and between states, and the co-operation
    between local, state, and national governments;
    and, be it further

        "RESOLVED, That the Committee shall give
    special attention to the basic educational needs,

work skills and/or lack of such skills and the
retraining and vocational education of adult
workers; and, be it further

"RESOLVED, That the Committee shall present
its report resulting from the study, together
with findings and recommendations, to the
Legislature at its next Regular Session; and,
be it further

"RESOLVED, That no State funds from any
source will be expended on the expense of
House Members." (Emphasis added)

Section 7 of House Bill 289, Acts of the 57th Legis-
lature, Regular Session, Chapter 303, page 654, known as the
Legislative Reorganization Act of 1961 and codified in Vernon's
as Article 5429f, Vernon's Civil Statutes, reads as follows:

"Each House of the Legislature acting
individually, or the two Houses acting jointly
shall have full power and authority to provide
for the creation of special committees to per-
form such functions and to exercise such powers
and responsibilities as shall be determined in
the Resolution creating such committee. During
the life of a special committee it shall have
and exercise the same powers and authority as
are herein granted to standing committees, sub-
ject to such limitations as may be imposed in
the Resolution creating such special committee,
and shall have such other and additional powers
and authority as may be delegated to it by the
Resolution creating the committee, subject to
the limitations of law."

It is our opinion that the committee created by
H. S. R. No. 164 constitutes a special committee within the
meaning of Section 7 of House Bill 289, Acts of the 57th
Legislature, Regular Session, 1961, Chapter 303, page 654
quoted above with full authority to perform such functions and
exercise such powers and responsibilities as set out in the
Resolution.

Subdivision 6 of Section 8 of House Bill 289, supra,
provides:

"The Committee shall have authority to
employ and compensate assistants to assist
in any investigation, to assist in any audits,
and to assist in any legal matters where, for
any reason, it is necessary to obtain such
services in addition to the services of the
State Auditor, the Texas Legislative Council
and Attorney General's Department, and the
Department of Public Safety; and it may employ
and compensate clerks, stenographers and other
employees in order to conduct its investigations,
and hearings and to make proper records thereof.
However, it is expressly provided that no
employment or compensation shall be authorized
until it has been first submitted to the Speaker
of the House or the President of the Senate,
as the case may be, and he has authorized it in
writing."

It is noted from the foregoing that subdivision 6 of Section
8 of Article 5429f authorizes the committee to employ assistants
and other help provided that such employment is first authorized
by the Speaker of the House in writing. On the other hand
H. S. R. No. 164 states that "no State funds from any source
will be expended on the expense of House members."

A similar question was passed on by this office in
Attorney General Opinion WW-1223 (1961), concerning the traveling
expenses of the special House Committee on Escheat Laws. H. S.
R. No. 16 (involved in Opinion WW-1223) was amended by striking
out the portion of the Resolution specifically authorizing the
reimbursement of the committee's actual and necessary expenses.
In Opinion WW-1223, it was pointed out that Section 20 of
Article 5429f, Vernon's Civil Statutes, authorized the payment
of the expenses of the committee and held that the committee
could be reimbursed for the actual and necessary expenses in-
curred while engaged in the work of the committee under the
provisions of Section 20 of Article 5429f, Vernon's Civil
Statutes specifically pointing out:

"It might be contended that since a
portion of House Simple Resolution specifically
provides for the payment of traveling expenses
was deleted from House Simple Resolution No.
16 prior to passage shows a legislative intent
that such expenses should not be paid. Since
House Simple Resolution No. 16 could not have
the effect of amending Section 20 of House Bill
289, Acts of the 57th Legislature, Regular

Session, 1961, the deletion from House Simple
Resolution No. 16, above noted, cannot affect
the payment of traveling expenses to the
committee."

It is our opinion that the same construction is
applicable to the provisions of subdivision 6 of Section 8
of House Bill 289, Acts of the 57th Legislature, Regular
Session, 1961, Chapter 303, page 634, codified in Vernon's
as Article 5429f, Vernon's Civil Statutes. You are there-
fore advised that your committee has the authority to employ
Legal Counsel, research staff, clerical help and to pay the
expenses for such Legal Counsel, research staff and clerical
help provided, of course, that no employment or compensation
is authorized until it has been first submitted to the Speaker
of the House of Representatives and the Speaker has authorized
such employment or compensation in writing as provided in
Article 5429f, Vernon's Civil Statutes.

S U M M A R Y

The special Interim Committee on Migrant Labor has
the authority to employ Legal Counsel, research
staff and clerical help and pay for travel and other
expenses for the Legal Counsel, research staff and
clerical help provided the Committee first submits
such employment to the Speaker of the House of Rep-
resentatives and the Speaker has authorized it in
writing as provided in subdivision 6 of Section 8
of Article 5429f, Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: John Reeves
Assistant

JR:mkh

APPROVED:
OPINION COMMITTEE

J. C. Davis, Chairman
Robert McGee
Grady Chandler
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.